IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-CR-30041 |
| | ) |
| KEVIN GLADNEY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is now before the Court on Defendant Kevin Gladney's ("Defendant") Motion to Dismiss Indictment Because of the Second Amendment and *N.Y. State Rifle & Pistol Ass'n v. Bruen*. (d/e 19). Defendant moves to dismiss the single-count indictment charging him with illegal possession of a firearm by a felon, arguing Section 922(g)(1) is unconstitutional as applied to him under the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). The Government has responded in opposition to said Motion. (d/e 22). For the following reasons, Defendant's Motion (d/e 19) is DENIED.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to

move to dismiss an indictment prior to trial if the indictment contains a defect. Fed. R. Crim. P. 12(b)(3)(B)(v). To succeed on an as-applied challenge to a statute, the movant must show that the statute is unconstitutional because of the way it is applied to the particular facts of their case. *United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011). Defendant only brings an as-applied challenge in his motion. (d/e 19).

## ANALYSIS

Section 922(g)(1) makes it an offense for a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. Defendant alleges § 922(g)(1) violates the Second Amendment and the indictment must be dismissed based on the framework articulated by the Supreme Court in *Bruen.* (d/e 19).

The Court will begin its discussion by setting forth the relevant Second Amendment legal framework, including *Bruen,* other Supreme Court precedent, and Seventh Circuit considerations. The Court will then discuss the merits of Defendant's motion. As set forth below, the Court concludes that § 922(g)(1) is constitutional as applied to Defendant and therefore denies Defendant's Motion to

Dismiss the indictment (d/e 19).

**A. Controlling Supreme Court Precedent**

Since 2008, the Supreme Court has held that the Second Amendment protects "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). The Court noted that there is a "strong presumption that the Second Amendment right is exercised individually and belongs to all Americans." *Id.* at 581. Relying on the Constitution's structure and text, the Supreme Court explained that "in all six other provisions of the Constitution that mention 'the people,' the term unambiguously refers to all members of the political community, not an unspecified subset." *Id.* at 581.

Defendant relies on this language, stating he is a member of "the people" for the purposes of the Second Amendment. (d/e 19). Defendant further argues that a felony conviction alone does not negate other Constitutional protections and points to his First Amendment and Fourth Amendment rights. *Id.* While the First and Fourth Amendment protections do extend to felons, the Court in *Heller* cautioned that "[l]ike most rights, the right secured by the

Second Amendment is not unlimited." *Id.* at 626. Further, the Supreme Court explicitly noted that its opinion "should not be taken to cast doubt" on a number of different categories of firearms regulations, including "longstanding prohibitions on the possession of firearms by felons." *Id.*

In *Bruen*, the Supreme Court built upon *Heller* and its other prior Second Amendment decisions to clarify its position on who the Second Amendment protects and how to determine whether a law is consistent with those protections. The Court restated that "the people" protected by the Second Amendment include "ordinary, law-abiding, adult citizens." *Bruen*, 597 U.S. at 31. This is consistent with the Court's prior holdings that law abiding citizens who are members of the political community are those who may indeed bear arms. *See Heller*, 554 U.S. at 580. The Court explained that the Second Amendment "surely elevates above all interests the right of law-abiding, responsible citizens to use arms" for self-defense. *Bruen* at 26, *quoting Heller* at 635. Together, *Bruen* and *Heller* clearly establish that the Second Amendment protects the rights of responsible, law-abiding citizens to possess firearms.

The Supreme Court also announced in *Bruen* a new framework

for analyzing Second Amendment challenges to firearms regulations. First, the presiding court must determine whether "the Second Amendment's plain text covers an individual's conduct." *Bruen*, 597 U.S. at 17. If the text does not cover the conduct, the inquiry ends, and the challenged regulation is deemed constitutional. But, if the conduct falls within the plain text of the Second Amendment, the conduct is presumptively protected. *Id.* The analysis then moves to the second step, where the government bears the burden to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 18-19.

If a challenged regulation addresses a longstanding societal problem, "the lack of a distinctly similar historical regulation addressing that problem is relevant evidence that the challenged regulation is inconsistent with the Second Amendment." *Id.* at 26. If the Founders could have adopted a particular regulation to confront a longstanding problem and did not do so, that could suggest that the law today is unconstitutional. *Id.* For "modern regulations that were unimaginable at the founding," the government must produce historical evidence that is "relevantly similar." *Id.* at 28-29.

By assessing "how and why regulations burden a law-abiding citizen's right to armed self-defense," courts can identify historical analogues to modern firearm regulations. The Supreme Court did not provide lower courts with any exhaustive list of features or factors to consider that would render a modern regulation similar enough to historical analogues to pass muster. Rather, the Court directed lower courts to weigh "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified." *Id.*

In *United States v. Rahimi,* the Supreme Court heard a challenge to § 922(g)(8) – which prohibits the possession of firearms by persons subject to a domestic violence restraining order. *United States v. Rahimi,* 602 U.S. 680 (2024). In considering the constitutionality of the statute, the Court examined historical surety laws, which "authorized magistrates to require individuals suspected of future misbehavior to post a bond," and "going armed laws," which involved judicial determinations of whether a particular defendant likely would threaten another with a weapon. *Id.* at 695-97. The *Rahimi* Court, found that § 922(g)(8) passed Second Amendment muster because when considering the surety and going armed laws, "[o]ur

tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others. *Id.* at 699.

### B. Appellate Court Precedent

After the *Bruen* decision, the Seventh Circuit provided further guidance on how to apply *Bruen*'s text-and-history analysis. *See Atkinson v. Garland*, 70 F.4th 1018, 1022 (7th Cir. 2023) In *Atkinson* the Seventh Circuit heard argument regarding a challenge to the felon dispossession statute at issue here, § 922(g)(1). Although the Seventh Circuit declined to reach the ultimate issue of whether the statute is constitutional, the Court did provide district courts with guidance regarding the application of *Bruen*. In particular, the Seventh Circuit emphasized the government can "reason by analogy" and need not point to a "dead ringer" from history in order to justify a modern firearm regulation. *Id.* at 1021 (citing *Bruen*, 597 U.S. at 30).

After *Atkinson,* but prior to *Rahimi,* the Seventh Circuit issued a decision suggesting that convicted felons on parole may not fall under the protection of the Second Amendment. In *United States v.*

*Gay*, 98 4th 843, 846 (7th Cir. 2024), the defendant challenged his conviction under § 922(g)(1) on appeal by arguing that the Second Amendment permitted persons with felony convictions like himself to possess firearms. *Id.* The Seventh Circuit noted that Gay's argument was "hard to square" with *Heller's* language that "long standing prohibitions on the possession of firearms by felons" are valid. *Id.* The Seventh Circuit further noted that the Supreme Court had reiterated that all of the reservations and provisos in *Heller* remain valid. *Id.*, *see also McDonald v. City of Chicago*, 561 U.S. 742 (2010).

The Seventh Circuit explicitly did not hold that all as-applied challenges to § 922(g)(1) are inappropriate, noting that for "the sake of argument that there is some room for as-applied challenges." *Id.* However, the Seventh Circuit rejected such a challenge from Gay. *Id.* at 846-847. The Court concluded that Gay did not fit the description of a "law-abiding, responsible citizen," as he had been convicted of 22 felonies and was on parole when he was arrested for having a firearm in violation of § 922(g)(1). *Id.* These felonies were not of a minor nature and included aggravated battery of a peace officer and possessing a weapon while in prison. *Id.* Therefore, the Seventh Circuit found that Gay is not a "law-abiding, responsible" person who

has a constitutional right to possess firearms. *Id.*

Regarding as-applied challenges, four circuits have upheld the categorial application of § 922(g)(1) to all felons. *See United States v. Hunt*, 123 F.4th 697, 707-08 (4th Cir. 2024) (rejecting an as applied challenge on a categorical basis); *United States v. Jackson*, 110 F.4th 1120, 1129 (8th Cir. 2024) (same); *Vincent v. Bondi*, 127 F.4th 1263, 1265-66 (10th Cir. 2025) (rejecting an as-applied challenge because neither *Bruen* nor *United States v. Rahimi*, 602 U.S. 680, 144 S. Ct. 1889, 219 L. Ed. 2d 351 (2024), abrogated circuit precedent foreclosing such a challenge); *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024), *cert. granted, judgment vacated*, No. 24-5744, 220 L. Ed. 2d 375, 2025 WL 76413 (U.S. Jan. 13, 2025) (holding that *Bruen* did not abrogate circuit precedent foreclosing such challenges).

Recently, the Ninth Circuit joined the Fourth, Eighth, Tenth, and Eleventh Circuits, holding that § 922(g)(1) is constitutional as applied to non-violent felons. *See United States v. Duarte*, 137 F.4th 743, 747-48 (9th Cir. 2025). The Fifth and Sixth Circuits have each rejected as-applied challenges on the merits. *See United State v. Diaz*, 116 F.4th 458, 471 (5th Cir. 2025) (rejecting an as-applied challenge

because defendant's underlying felony for vehicle theft was sufficiently similar to a death-eligible felony for horse theft at the founding) *United States v. Williams*, 13 F.4th 637, 661-2 (6th Cir. 2024) (rejecting an as-applied challenge because the defendant's criminal record sufficiently showed that he was dangerous enough to warrant disarmament).

However, not every federal court of appeals has held § 922(g)(1) constitutional. Notably, the Third Circuit determined § 922(g)(1) was unconstitutional as applied to a non-violent felon, convicted of a state misdemeanor, who challenged the statute in a declaratory judgment action. *See Ranger v. Att'y Gen. United States of Am.,* 69 F.4th 96, 98 (3d Cir. 2023) (*en banc*).

### C. Defendant's As-Applied Challenge to § 922(g)(1) Fails as Defendant is Not A Law-Abiding, Responsible Citizen.

Defendant argues that the Second Amendment encompasses felons as members of "the people" who have the right to "keep and bear arms" which, therefore, supersedes the permanent prohibition on firearm possession in § 922(g)(1). Defendant further argues the Government cannot demonstrate that § 922(g)(1), which permanently deprives all felons of the right to bear arms, is consistent with the

Nation's historical tradition of firearm regulation. (d/e 19).

The Government encourages this Court to join the "overwhelming majority of federal courts" who have determined that § 922(g)(1) is indeed constitutional when faced with challenges similar to the Defendant's. Specifically, the Government seeks a ruling that (1) the plain text of the Second Amendment does not presumptively protect the right of felons to possess firearms, and (2) even if the Second Amendment does protect a felon's right to possess firearms, § 922(g)(1) remains constitutional, as applied to all felons, because it "is consistent with the Nation's historical tradition of firearm regulation" under *Bruen*. (d/e 22).

Assuming the Second Amendment's text encompasses felons' possession of firearms and therefore meets the first step of the *Bruen* framework, the Government argues Defendant's challenge to § 922(g)(1) fails because the "regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms" under *Bruen*. *Id.* at p. 27. The Government refers this Court to two types of historical laws pertinent to modern-day felon dispossession laws: (1) laws categorically disqualifying groups who were untrustworthy adherents to the law from possessing firearms,

and (2) laws authorizing capital punishment and estate forfeiture for felonies. These types of laws, the Government argues, show a historical tradition of legislatures enacting regulations to disarm categories of individuals, and this tradition continued through the founding era.

This Court finds the Seventh Circuit's analysis in *Gay* instructive, especially because the Defendant in this matter, and in *Gay*, were each under supervision at the time of the offense conduct. As previously discussed, the Seventh Circuit considered an as-applied challenge in *Gay* and *Bruen's* emphasis on "law-abiding" or "responsible" citizens and their right to possess firearms. *See Gay*, 98 F.4th at 846-47. The Seventh Circuit determined that in reviewing Gay's characteristics and criminal history, that language could not describe the defendant given his extensive criminal history and supervision status. *Id.*

Here, Defendant is similarly situated to the defendant in Gay. The Pretrial Services Report indicates that Defendant has a criminal history with convictions in both Indiana and Illinois, including three felonies in the state of Illinois. (d/e 13). In 2014, at age 21, Defendant was convicted of Residential Burglary in Sangamon County, Illinois,

and sentenced to 6 years in the Illinois Department of Corrections. In 2017, Defendant was on parole for his first Residential Burglary conviction, when charged with Parole Violation and Unlawful Possession of Weapon by a Felon. In 2018, Defendant was convicted and sentenced to 5 years in the Department of Corrections for the parole violation and weapon charge. Also in 2018, Defendant was convicted of a second Residential Burglary and sentenced to 5 years incarceration with the sentence running concurrently to those for Parole Violation and Unlawful Possession of a Weapon by a Felon. *Id.*

In July 2023, a grand jury returned a one-count indictment charging the Defendant under § 922(g)(1) in the Central District of Illinois, resulting in the instant case. Initially, Defendant's location was unknown. However, in 2024, Defendant was arrested in the Western District of Texas on the instant offense and returned to the Central District of Illinois.

Based on the Seventh Circuit's reasoning in *Gay*, the Court concludes that an individual with Defendant's criminal history is not a "law-abiding, responsible" citizen who has a constitutional right to possess firearms under *Bruen*. *See Gay*, 98 F.4th at 846-47. Defendant's criminal history which consistently involves residential

burglaries and firearms violations, demonstrates the Defendant poses a credible threat to the physical safety of others and is not a "law-abiding, responsible citizen."

## CONCLUSION

Defendant's criminal history demonstrates he is not a "law-abiding, responsible citizen" who retains the constitutional right to possess firearms for self-defense under the Second Amendment. Therefore, Defendant's as-applied challenge must fail and his Motion to Dismiss Indictment (d/e 19) is DENIED.

**IT IS SO ORDERED.**
**ENTERED:  July 23, 2025**
**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**